**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JUSTIN COLLINS,

        Plaintiff,

        v.                                                   CASE NO. 1:26-CV-132-HAB-ALT

VANESSA FANG, et al.,

        Defendants.

**OPINION AND ORDER**

Pro se Plaintiff Justin Collins ("Collins") filed a complaint and seeks leave to proceed in forma pauperis. (ECF 1, 2). Alexander, who listed his address as being in Hawaii but sent the complaint from New York, alleges Defendants Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz "delayed the ruling." (ECF 1). His complaint does not specify what ruling was delayed, which proceeding that ruling was supposed to happen in, or how the Defendants delayed it. But the Court need not look far to identify this filing. "Collins" has been peppering federal courts across the country—including this one—with the same or a similar devoid-of-fact complaint under different names for more than two months.[1]

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this action] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to

---

[1] *See, e.g., Alexander v. Hill-Kearse*, No. 1:26-CV-40-HAB-ALT, 2026 WL 540284, at *1 (N.D. Ind. Feb. 25, 2026); *Sullivan v. Pacheco*, No. 1:26-CV-41-HAB-ALT, 2026 WL 532333, at *1 (N.D. Ind. Feb. 25, 2026); *Sullivan v. Pacheco*, 1:26-cv-00019 (D.N.D. Jan. 26, 2026); *Sullivan v. Pacheco*, 2:26-cv-00044 (E.D. Wash. Jan. 26, 2026); *Sullivan v. Pacheco*, 2:26-cv-00057 (M.D. Ala. Jan. 26, 2026); *Sullivan v. Pacheco*, 2:26-cv-00033 (D. Wy. Jan. 26, 2026); *Sullivan v. Pacheco*, 2:26-cv-02048 (D. Kan. Jan. 26, 2026); *Sullivan v. Pacheco*, 6:26-cv-00200 (M.D. Fla. Jan. 26, 2026); *Sullivan v. Pacheco*, 1:26-cv-00041 (N.D. Ind. Jan. 26, 2026); *Sullivan v. Pacheco*, 4:26-cv-00045 (N.D. Fla. Jan. 26, 2026); *Alexander v. Hill-Kearse*, No. 1:26CV00022, 2026 WL 353616, at *1 (W.D. Va. Feb. 9, 2026); *Alexander v. Hill-Kearse*, No. 3:26CV00050-ART-CLB, 2026 WL 416055, at *1 (D. Nev. Feb. 13, 2026); *Alexander v. Hill-Kearse*, No. 26-CV-0040-CVE-JFJ, 2026 WL 208625, at *2 (N.D. Okla. Jan. 27, 2026).

pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Collins's financial affidavit states he has $36 in his bank account, spends $400 per month on food, and has no income. (ECF 2). This would mean he financially qualifies to proceed in forma pauperis. But that is of no moment here because reviewing Collins's allegations liberally, his complaint must be dismissed. He asserts the claim is brought under diversity jurisdiction. (ECF 1). But he has identified nothing that supports this basis for this Court's jurisdiction, and he has provided no factual basis to support his legal claim. He just makes the naked assertion that some ruling was delayed. (*Id.*). That is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a complaint must contain "enough facts to state a claim to relief that is plausible on its face"). And nothing in the complaint establishes that any of the Defendants are subject to personal

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

jurisdiction in Indiana. No facts suggest that any defendant is from the state and no events have been described that occurred in the state.

Given these glaring deficiencies and Collins's track record of spray-and-pray complaint filing across the country over the past few months, the Court finds the complaint meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DISMISSES this case WITH PREJUDICE; and

(2) DENIES AS MOOT Collins's Motion to Proceed in Forma Pauperis (ECF 2).

**SO ORDERED** on March 31, 2026.

s/ *Holly A. Brady*

CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT